IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN P. HAGUE,           :<br>          Plaintiff,            : | |
| v.                                     : | CIVIL ACTION NO. 21-CV-1640 |
| PA STATE POLICE TROOP K PHILA,  :<br>          Defendant.           : | |

MEMORANDUM

**JONES, II, J.**                                                                                              **SEPTEMBER   8, 2021**

Plaintiff Brian P. Hague appears to have abandoned this case shortly after filing it. Accordingly, for the following reasons, the Court will dismiss this case for failure to prosecute.

**I.       PROCEDURAL HISTORY**

Hague initiated this civil action by filing an unsigned Motion to Proceed *In Forma Pauperis* and a Complaint alleging that he was discriminated against in employment in violation of Title VII of the Civil Rights Act of 1964.  (ECF Nos. 1-2.)  Upon opening the case on April 7, 2021, the Clerk's Office sent Hague a copy of the Court's "Notice of Guidelines for Representing Yourself (Appearing 'Pro Se') in Federal Court."  (*See* ECF No. 3.)  In a May 3, 2021 Order, the Court directed the Clerk of Court to return a copy of Hague's Motion to Proceed *In Forma Pauperis* to him and informed Hague that if he sought to proceed with his case, he would have to either sign the motion in accordance with Federal Rule of Civil Procedure 11 and return the signed motion to the Court, or pay the fees.  (ECF No. 4.)  Hague was allowed thirty days to comply with the Order and was informed that failure to comply could result in dismissal of his case for failure to prosecute.  (*Id.*)

On June 17, 2021, having received no response to the May 3, 2021 Order, the Court issued an Order giving Hague another fourteen days to comply with the Court's directive. (ECF No. 5.) Again, Hague did not respond to the Court's Order. Accordingly, on July 16, 2021, the Court ordered Hague to show cause within thirty days as to why his case should not be dismissed for failure to prosecute. (ECF No. 6.) The Order also informed Hague that, if he did intend to proceed, he was required to either pay the fees or file a signed motion to proceed *in forma pauperis*. (*Id.*) Hague did not respond to the Order. He has not communicated with the Court since he filed this case on April 6, 2021.

## II. DISCUSSION

The Court will consider whether it is appropriate to dismiss this case for failure to prosecute due to Hague's failure to respond to the Court's Orders.[1] Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for failure of the plaintiff "to prosecute or comply with these rules or a court order." *See* Fed. R. Civ. P. 41(b). Ordinarily, a court determining whether to *sua sponte* dismiss a case because of a plaintiff's failure to prosecute must consider several factors in reaching its decision, as set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984) (the "*Poulis* factors"). *See, e.g.*, *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994). However, an analysis under *Poulis* is not required when a

---

[1] Hague attached to his Complaint a copy of a notice of right to sue letter dated January 19, 2021. (ECF No. 2-1 at 1.) As it appears that the statute of limitations on Hague's Title VII claims has, by this point, expired — although the Court does not expressly decide this issue — any dismissal of this case would effectively be with prejudice. *See Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) ("[I]f the complainant does choose to bring a private action, it must be filed within 90 days of the date on which the complainant has notice of the EEOC's decision not to pursue the administrative charge." (citing 42 U.S.C. § 2000e-5(f)(1)); *Harrison v. Coker*, 587 F. App'x 736, 740 n.5 (3d Cir. 2014) ("[T]he statute of limitations has run for all of the plaintiffs' claims, and therefore the dismissal is effectively one with prejudice."). In other words, a dismissal without prejudice does not appear to be an option here.

plaintiff willfully abandons the case or makes adjudication impossible. *See Dickens v. Danberg*, 700 F. App'x 116, 118 n.2 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).  Since it appears that Hague has abandoned his case, outright dismissal appears appropriate here.  Nevertheless, in an abundance of caution, the Court will analyze the *Poulis* factors as well.

*Poulis* sets forth six factors to consider when determining whether to dismiss an action due to a plaintiff's failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis omitted).  Not all of the *Poulis* factors must be satisfied in order for a court to dismiss a complaint.  *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003); *Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (per curiam).

As to the first *Poulis* factor, the extent of the party's personal responsibility, it is Hague's sole responsibility to prosecute his case and comply with Court orders.  *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (explaining that "a pro se plaintiff is personally responsible for complying with the court's orders" and "it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (where litigant was

proceeding *pro se*, any failure to comply with orders was attributable to him).  The docket reflects that the Court's Orders were sent to Hague at the address he provided for service.  The Orders explicitly informed Hague that failure to comply with the Court's directives could result in dismissal of his case for failure to prosecute.  However, Hague has not complied with the Orders or otherwise communicated with the Court since he submitted his Complaint.  This factor, therefore, weighs in favor of dismissal.

The second factor, prejudice to the defendants, also weighs in favor of dismissal. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams v. Trs. of N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871 (3d Cir. 1984).  "[W]hile 'prejudice' for the purpose of *Poulis* analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware,* 322 F.3d at 222.  It is unclear how this case could proceed without plaintiff's participation.  "Simply put, there is no way for Defendants to defend against Plaintiff's claims in his absence." *Stephen v. Att'y Gen.*, Civ. A. 18-615, 2020 WL 832914, at *3 (M.D. Pa. Jan. 10, 2020), *report and recommendation adopted*, 2020 WL 820192 (M.D. Pa. Feb. 19, 2020).  Accordingly, requiring the Defendant to proceed in this context would be prejudicial.

The third factor, a history of dilatoriness, is neutral here.  This factor must be assessed over the lifetime of the case, keeping in mind that "conduct that occurs one or two times is insufficient." *Briscoe*, 538 F.3d at 261.  While Hague has not shown a history of dilatoriness, his failure to respond to three Court orders or otherwise communicate with the Court suggests an intention to abandon this case.

The fourth factor, whether plaintiff's conduct was willful or in bad faith, is neutral. *See El-Hewie v. Paterson Pub. Sch. Dist.*, Civ. A. No. 13-5820, 2015 WL 5306255, at *4 (D.N.J. Sept. 10, 2015) (where a litigant "has been silent, and that silence is ambiguous" the court could not conclude that litigant acted willfully or in bad faith for purposes of the fourth *Poulis* factor). On this record, Hague's non-responsiveness is more consistent with negligence or inadvertence as opposed to bad faith.

An examination of the fifth factor, the effectiveness of sanctions other than dismissal, reveals that no other sanction would be effective because Hague is proceeding *pro se*, may be unable to pay monetary sanctions given his request to proceed *in forma pauperis*, and it would be difficult to impose another sanction given Hague's non-responsiveness. *See Adonai-Adoni v. King*, 506 F. App'x 116, 119 (3d Cir. 2012) (*per curiam*) ("Because Adonai–Adoni proceeded pro se and in forma pauperis, monetary sanctions were not a viable form of alternative sanction."); *King v. Galano*, Civ. A. No. 14-1691, 2015 WL 6523459, at *3 (D.N.J. Oct. 28, 2015) ("Plaintiff's history of nonparticipation and noncompliance in this matter suggests that alternative sanctions would be futile.").

Lastly, regarding the sixth factor, a claim is considered meritorious when the allegations of the complaint, if established at trial, would support recovery. *See Poulis*, 747 F.2d at 869-70. Hague asserts generalized employment discrimination claims, the bases for which are not clear from his Complaint. At this early stage of the litigation, it is possible that at least some of Hague's claims have merit, although his vague claims are not plausible as currently pled. However, a plaintiff must pursue his claims, rather than abandon them, if he is to recover. Hague's conduct is simply "incompatible with maintaining a lawsuit." *Stephen*, 2020 WL 832914, at *4; *Smith v. Atlas Fitness Inc. Sys.*, Civ. A No. 10-1021, 2011 WL 3608601, at *3 (M.D. Pa. July 20, 2011) ("Since no party is actively litigating this case at present it is

impossible to assess what merit, if any, there may be to these claims."), *report and recommendation adopted*, 2011 WL 3608594 (M.D. Pa. Aug. 16, 2011).

In sum, upon balancing the *Poulis* factors, the Court finds that they weigh in favor of dismissing this action pursuant to Federal Rule of Civil Procedure 41(b) due to Hague's failure to prosecute.  Simply put, there is no way for this litigation to progress without Hague's participation.  An Order follows, which dismisses this case.

                          **BY THE COURT:**

                          /s/ **Hon. C. Darnell Jones II**

                          **C. DARNELL JONES, II, J.**